# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-01326-COA

**ERNIE CHARLES SANDERS A/K/A ERNIE SANDERS A/K/A ERNIE C. SANDERS A/K/A P BOY SANDERS**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/01/2019 |
| TRIAL JUDGE: | HON. TOMIKA HARRIS IRVING |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | DANIELLA M. SHORTER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/20/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     In July 2019, a Copiah County Circuit Court jury convicted Ernie Charles Sanders of failure to register as a sex offender, and the court sentenced him to serve three years in the custody of the Mississippi Department of Corrections (MDOC). Sanders filed a motion for a new trial, which was denied, and he appealed. Sanders' counsel from the Office of State Public Defender, Indigent Appeals Division, filed a *Lindsey* brief certifying that there were

no arguable issues to be raised on appeal.[1] Sanders did not file a pro se brief. After a review of the record, we agree with Sanders' counsel. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In June 2018, Ernie Sanders registered his address with the Mississippi Sex Offender Registry as 2111 Lilly Road in Copiah County, Mississippi. He re-registered at that address in September 2018 and again in December 2018. In August of 2018, a joint task force consisting of United States marshals and the Copiah County Sheriff's Office conducted an address verification check for the sex offender registry. The task force performed an inspection at 2111 Lilly Road; however, Sanders was not present. The homeowner, Chester Banks, informed the task force that Sanders did not reside at that address. He provided law enforcement with Sanders' actual address on Jackson Street, located in Hazlehurst, Mississippi.

¶3. Sanders was arrested, and in January 2019, a Copiah County grand jury returned an indictment charging Sanders with failure to register as a sex offender.

¶4. At trial, Banks testified that he had lived on Lilly Street for fifteen years. He further testified that Sanders had not resided there between August 2018 and January 2019. Sanders disputed Banks' testimony. He explained that he and Banks simply did not see each other because he was "running in and out." On rebuttal, Banks confirmed that had Sanders been there, he would have seen him.

¶5. On July 22, 2019, a jury convicted Sanders for failure to register as a sex offender.

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

2

The circuit court sentenced him to serve three years in the custody of the Mississippi Department of Corrections.

¶6. After Sanders' conviction and sentence, he filed a post-trial motion on August 5, 2019, which was denied. His appointed appellate counsel filed a brief pursuant to *Lindsey*, representing that he had diligently "scoured the record" and could not find any arguable issues warranting reversal on appeal. Sanders was granted an additional forty days to file a pro se brief, but he did not.

## DISCUSSION

¶7. In *Lindsey*, the Mississippi Supreme Court has implemented a procedure for appellate counsel to follow once it is determined a record lacks any appealable issues. *Id.* at 748 (¶18). Under this procedure, an attorney must:

> 1.) File and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)];
>
> 2.) Certify in that brief that there are no arguable issues supporting the client's appeal, and that the attorney has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing; and
>
> 3.) Send a copy of the brief to the defendant, inform the defendant that counsel could find no arguable issues in the record, and advise the defendant of his or her right to file a pro se brief.

*Woodson v. State*, 292 So. 3d 221, 223 (¶9) (Miss. 2020); *see also Lindsey*, 939 So. 2d at 748 (¶18).

¶8. Sanders' attorney complied with all the requirements of *Lindsey*. His appellate counsel certified that pursuant to *Lindsey* they had scoured the record, considered each of the above factors, and could not find any arguable issues to appeal. Sanders' counsel mailed a copy of his brief to Sanders, notifying Sanders that he found no arguable issues and that Sanders had a right to file a pro se brief but failed to do so.

¶9. After an independent review of the record, we find that no arguable issues for appeal exist. We therefore affirm Sanders' conviction and sentence.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**